FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEISURE CONCEPTS, INC., a Washington corporation, | NO: 2:14-CV-388-RMP |
| Plaintiff, | |
| v. | |
| CALIFORNIA HOME SPAS, INC., a California corporation doing business as Covervalet, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |
| Defendant. | |

Before the Court is Defendant California Home Spas, Inc.'s ("CHS") Motion to Dismiss and Motion for a More Definite Statement, ECF No. 19. The Court heard oral argument on April 22, 2015. CHS was represented by Matthew V. Pierce. Plaintiff Leisure Concepts, Inc. ("Leisure") was represented by Mark W. Hendricksen and Shamus T. O'Doherty. The Court has considered the record and the parties' arguments.

BACKGROUND

Leisure and CHS are competitors in the manufacture of products for the spa industry. ECF No. 1 at 5. Among other items, Leisure produces a spa cover lifter

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 1

1  called the CoverMate I.  ECF No. 1 at 4.  The CoverMate I embodies the invention

2  of U.S. Patent No. 5,996,137 ("the '137 Patent"), which Leisure owns.  ECF No. 1

3  at 4, 5.

4        Leisure asserts that CHS disregarded Leisure's intellectual property rights by

5  manufacturing and selling the Cover EX, which Leisure claims also embodies the

6  invention of the '137 Patent.  ECF No. 1 at 5, 6.  In November 2014, CHS

7  marketed the Cover EX at an international conference and displayed a sign

8  reading:  "All Aluminum Design NO PLASTIC Compare to the Cover Mate I."

9  ECF No. 1 at 6-7, Ex. D.

10       Advertisements for the Cover EX also refer to U.S. Patent No. 5,566,403

11  ("the '403 Patent"), which CHS owns.  According to the Complaint, "[t]he '403

12  Patent claims a spa cover lifter utilizing support members comprising telescoping

13  gas struts, which are not an aspect of the [Cover EX,] which embodies the

14  inventions of the '137 Patent."  ECF No. 1 at 7.  CHS sells the Cover EX at a

15  lower price than Leisure sells the CoverMate I, such that Leisure alleges that its

16  sales and profitability have been affected greatly.  ECF No. 1 at 7.

17       Furthermore, Leisure asserts that the written and visual instructions provided

18  with the Cover EX are substantially similar to Leisure's copyrighted manual for

19  the CoverMate I and that the instructions even contain verbatim text and diagrams

20  from the protected manual.  ECF No. 1 at 6.  Leisure contends that the copyright

21  protects "the literary work of its CoverMate I instruction manual, the selection and

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 2

arrangement of its photographs, and overall design of its independently-created

work of authorship."  ECF No. 1 at 4.

CHS moves to dismiss all four counts in the Complaint.  ECF No. 19.

Alternatively, CHS requests the Court to order Leisure to file a more definite

statement pursuant to Rule 12(e).

ANALYSIS

<u>Motion to Dismiss</u>

The Federal Rules of Civil Procedure allow for the dismissal of a complaint

where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R.

Civ. P. 12(b)(6).  A motion to dismiss brought pursuant to this rule "tests the legal

sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In

reviewing the sufficiency of a complaint, a court accepts all well-pleaded

allegations as true and construes those allegations in the light most favorable to the

non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-

32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 3

While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim.  *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

CHS moves to dismiss the Complaint, asserting that Leisure failed to plead plausible theories of patent infringement, copyright infringement, unfair competition under the Lanham Act, or false marking.  The Court considers each theory in turn.

*1. Infringement of the '137 Patent*

Leisure asserts that CHS infringed on the '137 Patent by selling the Cover EX, "which embodies the inventions of, and is covered by one or more claims of, the '137 Patent."  ECF No. 1 at 10.  CHS argues that Leisure's patent infringement theory fails because Leisure did not comply with Form 18 and because the count does not withstand scrutiny under Rule 12(b)(6).

Form 18 of the Federal Rules of Civil Procedure is a sample complaint for patent infringement.  Fed. R. Civ. P. Form 18.  The form requires:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages . . . .

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 4

*See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (paraphrasing former Fed. R. Civ. P. Form 16).  The proper use of Form 18 "effectively immunizes a claimant from attack regarding the sufficiency of the pleading."  *See K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) *cert. denied sub nom. DIRECTV v. K-Tech Telecommunications, Inc.*, 134 S. Ct. 1026 (2014).

CHS argues that Leisure cannot rely on Form 18 because it failed to meet one of the form's requirements:  alleging that it had provided the defendant with written notice of the infringement.  ECF No. 19 at 5.  Leisure counters that it in fact did provide notice by including the word "patent" on its product and referencing the patent number.  Leisure also argues that the Complaint itself provided notice as well.

The text of Form 18, however, does not support Leisure's argument.  Rather, a plaintiff is required to allege that it "*has given* the defendant written notice *of the infringement*."  Fed. R. Civ. P. Form 18 (emphasis added).  In other words, the notice must be of the infringement itself, not just that a patent exists, and the notice must be provided prior to filing a complaint.  *See Littlefuse, Inc. v. Pac. Eng'g Corp.*, No. 12-CV-14957, 2013 WL 4026918, at *2 (E.D. Mich. Aug. 7, 2013) ("The language of Form 18 specifically contemplates that plaintiff afford defendants notice of their infringement *before* filing the complaint.").

It is immaterial that Leisure failed to comply with the letter of Form 18, however, because the Court finds that the patent infringement cause of action survives scrutiny under Rule 12(b)(6). CHS argues that Leisure has failed to state a cause of action for patent infringement because it "has not identified even a single patent claim that has been infringed, how such claim has been infringed, what type of infringement applies to that claim, what type(s) of infringement apply to which defendant, or any similar allegations." ECF No. 19 at 5.

However, such details are not necessary at this stage of the proceedings. In particular, "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *McZeal*, 501 F.3d at 1357. In *McZeal*, for example, keeping in mind that the court was considering a pro se complaint to which a deferential standard applies, the complaint was determined to be sufficient where the plaintiff asserted ownership of the patent, named defendants, generally described how the defendants allegedly infringed on the patent, and invoked specific parts of patent law. *Id.* at 1356-57. *But see Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 408 (W.D.N.Y. 2012) ("The complaint does not, however, allege that Gradient has given defendants notice of the alleged infringement. . . . That does not meet the requirements of Form 18, much less of *Twombly* and *Iqbal*.").[1]

---

[1] The Court disagrees with *Gradient*'s conclusion that notice of an alleged infringement is a prerequisite for filing a patent infringement claim. Although

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 6

1    Here, the Court finds that the Complaint includes sufficient detail to survive

2    the Motion to Dismiss.  Leisure identified its patent and the allegedly offending

3    product, which Leisure asserts "embodies the inventions of, and is covered by one

4    or more claims of, the '137 Patent."  ECF No. 1 at 10.  This information is

5    sufficient to place CHS on notice of the claim.  *Cf. Interval Licensing LLC v. AOL,*

6    *Inc.*, No. C10-1385 MJP, 2010 WL 5058620, at *4 (W.D. Wash. Dec. 10, 2010)

7    (dismissing complaint with leave to amend so that the plaintiff could "identify

8    which of Defendants' products, devices, or schemes allegedly infringe on

9    Plaintiff's patents").

10    Thus, CHS's motion to dismiss Leisure's patent infringement theory is

11    denied.

12    *2. Copyright Infringement*

13    Leisure next alleges that the Cover EX instruction manual infringes on the

14    copyright of the CoverMate I instruction manual.  ECF No. 1 at 11-14.  To prove

15    copyright infringement, a plaintiff must establish both valid ownership of the

16    copyright and infringement of the copyright by the defendant.  *Entm't Research*

17    Form 18 includes notice among its provisions, "the fact that certain paragraphs are

18    included in Form 18 does not necessarily mean that each paragraph is a required element

19    of a direct infringement claim."  *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d

20    667, 676 (E.D. Va. 2011).  CHS offers no binding authority that requires notice before bringing

21    action for patent infringement.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 7

*Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

Regarding proof of ownership, "the certificate of a registration made before or

within five years after first publication of the work shall constitute prima facie

evidence of the validity of the copyright and of the facts stated in the certificate."

17 U.S.C. § 410(c).  This presumption of validity "can be challenged by presenting

evidence attacking the elements of a valid copyright, such as ownership,

copyrightable subject matter, and originality."  *Syntek Semiconductor Co. v.

Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

Leisure has provided prima facie proof of the validity of its copyright of the

instruction manual by submitting a certificate of registration, effective October 27,

2014.  ECF No. 1, Ex. B.  CHS argues that Leisure's copyright infringement theory

fails, however, because the "assembly instructions contain nothing but textual

directions, cautions, and diagrams that illustrate the directions."  ECF No. 19 at 7.

Therefore, the parties dispute whether the assembly instructions are subject to

copyright.

Copyright protection does not "extend to any idea, procedure, process,

system, method of operation, concept, principle, or discovery, regardless of the

form in which it is described, explained, illustrated, or embodied in such work."

17 U.S.C. § 102(b).  For example, in *Publications Int'l, Ltd. v. Meredith Corp.*, 88

F.3d 473, 480 (7th Cir. 1996), the court found that a plaintiff's claim of copyright

infringement did not have a better than negligible chance of success because the

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 8

1    allegedly copyrighted recipes "comprise[d] the lists of required ingredients and the

2    directions for combining them to achieve the final products." *See also Alberto-*

3    *Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972) (agreeing

4    with the lower court that language on deodorant packaging that was "purely

5    descriptive or deal[t] with directions and cautions . . . ha[d] no separate value as

6    composition or an extension of the original art work" and therefore was not

7    copyrightable) (quotation marks omitted).

8        While an idea or process is not subject to copyright protection, the

9    *expression* of an idea or process may be covered.  *See* 37 C.F.R. § 202.1(b) (listing

10    among works not subject to copyright "[i]deas, plans, methods, systems, or

11    devices, *as distinguished from the particular manner in which they are expressed*

12    *or described in a writing*") (emphasis added).  Accordingly, at least one court that

13    considered the issue found that an instruction manual may be subject to copyright

14    protection.  *See Portionpac Chem. Corp. v. Sanitech Sys., Inc.*, 217 F. Supp. 2d

15    1238, 1246 (M.D. Fla. 2002); *see also Publications Int'l, Ltd.*, 88 F.3d at 480 ("We

16    do not express any opinion whether recipes are or are not *per se* amenable to

17    copyright protection, for it would be inappropriate to do so.").

18        Here, the Court finds that Leisure has stated a plausible theory of copyright

19    infringement.  Although some of Leisure's manual consists of mere lists of product

20    parts and directions that may not be subject to copyright, the manual also contains

21    narrative instructions that may be protected.  This is especially true where some of

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 9

the language from Leisure's manual is copied almost verbatim in CHS's manual. *Compare* ECF No. 1, Ex. B at 3 *with* ECF No. 1, Ex. C at 2.  While some similarity between manuals for spa cover lifters is expected, "such obvious copying . . . is not to be encouraged." *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 545 (2d Cir. 1959).

Thus, CHS's request to dismiss Leisure's copyright infringement cause of action at this stage of the proceedings is denied.

*3. Unfair Competition*

Next, CHS challenges Leisure's contention that CHS engaged in unfair competition.  ECF No. 19 at 8-12.  CHS argues that Leisure has failed to state a cognizable unfair-competition action under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[2]

Section 43(a) of the Lanham Act provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

---

[2] In opposition to the Motion to Dismiss, Leisure discusses only its false advertising theory in support of its unfair-competition claim.  *See* ECF No. 24 at 11-15.  Accordingly, the Court assumes that Leisure has abandoned its theory that CHS attempted to "pass off" Leisure's product as its own.  *See* ECF No. 1 at 14.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 10

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).  The section thus provides two distinct grounds for relief: subsection (A) creates liability for false association, and subsection (B) protects against false advertising.  *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).

Leisure alleges that CHS falsely stated in its advertising that the Cover EX is protected by the '403 Patent.  ECF No. 24 at 14.  Rather, according to Leisure, the Cover EX embodies the invention of Leisure's '137 Patent.  Leisure asserts that its sales, profitability, and goodwill have been injured, particularly because CHS offers its product at a lower price than the CoverMate I.

During oral argument, counsel for Leisure contended that the unfair competition theory must be considered in the context of the spa product industry. Counsel explained that the CoverMate I's unique design allows spa dealers, Leisure's primary customers, to recognize the CoverMate I as a patented Leisure product.  Leisure argues that because spa dealers are more likely than general

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 11

1    consumers to be wary of potential patent infringement lawsuits, CHS placed the

2    '403 Patent on the advertising for the CoverEX to convince customers that their

3    product would not be subject to patent infringement lawsuits, even though the

4    product is not covered by the '403 Patent.

5         Leisure's argument, however, brings up a distinction between the Lanham

6    Act and patent law.  The Ninth Circuit addressed a similar issue regarding the

7    Lanham Act and copyright law in *Sybersound Records, Inc. v. UAV Corp.*, 517

8    F.3d 1137 (9th Cir. 2008).  Sybersound, a karaoke record producer, alleged that

9    competitors misrepresented to customers that they had obtained all necessary

10   licenses to sell records.  517 F.3d at 1141.  By violating copyright laws and

11   misrepresenting that they had complied with all requirements, Sybersound claimed

12   that its competitors were able to undercut Sybersound's prices.  *Id.* at 1143.

13   Sybersound lacked standing to bring an action for copyright infringement but

14   argued that it should be allowed to proceed under the false advertising section of

15   the Lanham Act.  *See id.* at 1141, 1143.

16        However, the court noted the "tension between the Lanham Act's goal of

17   preventing unfair competition and the Copyright Act's goal of providing a

18   statutory scheme granting rights only to copyright owners."  *Id.* at 1143.  Unlike

19   the protection of the Copyright Act, "'origin of goods' in the Lanham Act §

20   43(a)(1)(A) [does] not refer to the author of any idea, concept, or communication

21   embodied in a good, but to the producer of the tangible good itself."  *Id.* at 1144

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 12

1    (citing *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003)).

2    Although the "origin of goods" language appears in the subsection of the Lanham

3    Act that concerns false association rather than false advertising, the court found

4    that the Lanham Act did not provide relief for false advertisements about copyright

5    status: "[T]o avoid overlap between the Lanham and Copyright Acts, the nature,

6    characteristics, and qualities of karaoke recordings under the Lanham Act are more

7    properly construed to mean characteristics of the good itself, such as the original

8    song and artist of the karaoke recording, and the quality of its audio and visual

9    effects." *Id.* at 1144.  Although *Sybersound* concerned the Lanham Act's tension

10   with the Copyright Act, the same concern about "overlap" exists between the

11   Lanham Act and patent law, which is implicated in Leisure's unfair competition

12   claim.  *See Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir.

13   2009).

14          Here, it is undisputed that CHS produces and sells the Cover EX product,

15   and Leisure has raised no allegations regarding the physical good.  Leisure's

16   contention that CHS improperly advertised that the product was protected by the

17   '403 Patent more appropriately is considered under patent law.

18          Leisure argues that its unfair competition action is similar to the theory

19   raised in *Chromium Indus., Inc. v. Mirror Polishing & Plating Co.*, 448 F. Supp.

20   544 (N.D. Ill. 1978).  In *Chromium Industries*, the court considered whether

21   alleged patent-related misrepresentations about an industrial coating process fell

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 13

1    within the scope of Section 43 of the Lanham Act.  *See* 448 F. Supp. at 556.  The

2    plaintiff claimed that the defendant made two false representations:  (1) that its

3    coating was protected by a patent that the defendant owned, and (2) that the patent

4    gave the defendant the exclusive right to apply that type of coating.  *See id.*

5        The court held that the first theory was not cognizable under Section 43,

6    noting that the defendant "can hardly deceive its customers about its patent rights

7    when the patent is presumptively valid."  *Id.* at 557.  However, the court found that

8    the plaintiff successfully stated a cause of action regarding the misrepresentation of

9    the exclusive right to apply the coating because the plaintiff asserted that the

10   defendant had told customers in the industry that the defendant had the only

11   coating of that type on the market, that the coating was covered by the defendant's

12   patent, and that the plaintiff's product infringed on that patent.  *Id.*

13       Here, however, Leisure does not assert facts that would support a cause of

14   action that CHS made false representations about the exclusivity of its product.

15   Leisure has not alleged that CHS told customers that it held exclusive patent rights

16   to this class of spa cover lifters or that CHS represented that the CoverMate I

17   infringed on CHS's patent.

18

19

20

21

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS ~ 14

Accordingly, Leisure's action of unfair competition is dismissed with prejudice.[3]

### 4. False Marking of Patent

Leisure also alleges that CHS falsely marked the Cover EX with the '403 Patent, in violation of 35 U.S.C. § 292. ECF No. 1 at 16-17. CHS asserts that this count must be dismissed because the Complaint alleges that CHS marked the Cover EX with "the '413 Patent," which is not identified in the Complaint. ECF No. 19 at 18-19. As Leisure explained in its response, reference to "the '413 Patent" was a typographical error. ECF No. 24 at 15-16. Leisure meant to refer to the '403 Patent, which correctly is identified in the Complaint. *See* ECF No. 1 at 5.

Given the minor nature of Leisure's error and the context provided in the rest of the Complaint, the Court finds that it is unlikely that any confusion resulted

---

[3] Because the Court finds that patent law, rather than the Lanham Act, governs Leisure's alleged theory of unfair competition, the Court does not consider the parties' arguments about whether a presumption applies if a statement is "literally false" and whether the heightened pleading standards of Rule 9(b) extend to false advertising claims under the Lanham Act. *See* ECF Nos. 19 at 10 n.1; 24 at 12-13.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 15

from the typographical error.  The Court denies CHS's request to dismiss the false marking action on this basis.[4]

Motion for a More Definite Statement

As an alternative to dismissal, CHS requests the Court to order Leisure to file a more definite statement pursuant to Rule 12(e).  ECF No. 19 at 19-20.  CHS requests a statement identifying all alleged patent claims that allegedly were infringed, listing what type of infringement applies to each claim, and providing additional details.

A Rule 12(e) motion for more definite statement is appropriate where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

The Court does not find that the Complaint is so vague that CHS cannot reasonably prepare an answer.  Additional details about Leisure's allegations are expected to be provided in accordance with the Local Patent Rules.  *See* LPR 120 (requiring disclosure of specified information within 14 days of the scheduling conference).

/ / /

/ / /

---

[4] The Court struck CHS's arguments regarding the false marking claim that were raised for the first time in its reply brief.  ECF No. 34.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 16

Accordingly, **IT IS HEREBY ORDERED**:

    1.  CHS's Motion to Dismiss and Motion for a More Definite Statement, **ECF No. 19**, is **GRANTED IN PART and DENIED IN PART**.

    2.  Count Three of the Complaint, Unfair Competition, is dismissed with prejudice.  The Motion to Dismiss and Motion for a More Definite Statement are denied as to all other Counts.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 12th day of June 2015.


             *s/ Rosanna Malouf Peterson*
           ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ~ 17