1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7 | LEISURE CONCEPTS, INC., a
Washington corporation,

NO:  2:14-CV-388-RMP

8

Plaintiff,

9

v.

ORDER MEMORIALIZING THE
COURT'S RULINGS REGARDING
DEFENDANT'S MOTION TO
DISMISS OR IN THE ALTERNATIVE
TO TRANSFER

10 | CALIFORNIA HOME SPAS, INC., a
California corporation doing business
as Covervalet,

11

12

Defendant.

13    BEFORE the Court is Defendant's Motion to Dismiss for Improper Venue

14 or on the Alternative to Transfer to the U.S. District Court for the Central District

15 of California, **ECF No. 41**.  This Court heard oral argument on this Motion on

16 September 9, 2015, has reviewed the record, and is fully informed.

17                              Background

18    On June 15, 2015, Defendant filed a Motion to Dismiss for Improper Venue

19 or in the Alternative to Transfer to the U.S. District Court for the Central District

20 of California.  ECF No. 41.  After Plaintiff filed a Response, ECF No. 45,

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 1

1  Defendant submitted a Reply, ECF No. 49, supported by the Declaration of Marc

2  Black, ECF No. 50.  On August 7, 2015, Plaintiff filed a Motion to Strike that

3  declaration and all facts contained therein, which this Court denied.  *See* ECF No.

4  54.  However, the Court granted Plaintiff time to file a sur-reply, *Id.*, which was

5  filed on September 9, 2015, and was reviewed by the Court.  ECF No. 55.

6  Argument

7       Fed. R. Civ. P. 12(b) provides for certain defenses to be asserted by motion,

8  including the assertion of improper venue.  Fed. R. Civ. P. 12(b)(3).  However,

9  pursuant to Fed. R. Civ. P. 12(g)(2), once a party makes a motion under 12(b), the

10  party "must not make another motion under this rule raising a defense or objection

11  that was available to the party but omitted from its earlier motion."  Additionally,

12  "[a] party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a

13  motion in the circumstances described in Rule 12(g)(2)."  Fed. R. Civ. P.

14  12(h)(1)(A).

15       On February 10, 2015, Defendant filed a Motion under 12(b)(6), ECF No.

16  19, but did not include a Motion to Dismiss for Improper Venue under 12(b)(3)..

17  Defendant claims that by mentioning its intent to possibly file a 12(b)(3) motion at

18  a later date, it maintained its ability to bring that claim now.  ECF No. 41 at 2; ECF

19  No. 49 at 8-9.  This Court disagrees based on the plain language of the Federal

20  Rules.

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 2

Fed. R. Civ. P. 12(h) precludes parties from maintaining defenses simply by mentioning a possible intent to later rely on them, instead of fully asserting them in the first 12(b) motion or responsive pleading.  Having failed to include a 12(b)(3) motion for improper venue in its 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Defendant waived its ability to argue the defense of improper venue under 12(b)(3).  Under the same rule, Defendant also waived the defense of lack of personal jurisdiction under 12(b)(2).  Fed. R. Civ. P. 12(h).  Although Defendant has not filed a motion to dismiss for lack of personal jurisdiction, a majority of its arguments challenging venue are better suited to a challenge of this Court's personal jurisdiction.

Although the Court finds that Defendant's challenge to proper venue is untimely, the Court will address the suitability of this forum as an exercise of its discretion under 28 U.S.C. § 1404(a).  First, the Court finds that venue is proper in the Eastern District of Washington pursuant to both 28 U.S.C. § 1391 and 28 U.S.C. § 1400.  28 U.S.C. § 1391 provides the general rule for venue in federal cases, making venue proper wherever the defendant (or all defendants) resides, "where a substantial part of the events or omissions giving rise to the claim occurred," or if neither of those applies, "in any district in which the defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1400 states that venue in copyright actions should be laid in the "district in which

the defendant or his agent resides or may be found," § 1400(a), or if in a patent infringement action, where the defendant resides, or has committed the acts of infringement and has a regular and established place of business, § 1400(b).  Under § 1391(c)(2), an entity has "residency" wherever it is "subject to the court's personal jurisdiction with respect to the civil action in question."

Personal jurisdiction over a corporation can be found if the corporation purposefully delivers its products into the stream of commerce with the expectation that its product will be purchased in the forum state.  *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994).  Additionally, regarding 1391(c)(2), "if an entity defendant waives its right to object to personal jurisdiction, it has ipso facto consented to venue under this statute.  It is, after all, subject to personal jurisdiction with respect to the civil action in question."  14D Fed. Prac. & Proc. Juris. § 3811.1 (4th ed.) (internal quotations omitted).

Defendant did not argue that this Court lacks personal jurisdiction in its first 12(b) Motion, ECF No. 19, and it thereby waived that defense and consented to the Court's exercise of personal jurisdiction over this case.  *See* 14D Fed. Prac. & Proc. Juris. § 3811.1 (4th ed.).  Additionally, this Court would have personal jurisdiction over Plaintiff's claims even absent this waiver because Defendant has sold its products and thrust them into the stream of commerce in a way that could

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 4

reasonably be expected to place them in this district. *See Beverly Hills Fan Co.*, 21 F.3d at 1566.

Although this Court finds that venue is proper in the Eastern District of Washington, this Court may nonetheless dismiss or transfer this case if it finds that it would be more appropriate for another forum to hear this case. *See* Fed. Prac. & Proc. Juris. § 3828 (4th ed.). Defendant argues that this case should be heard in the Central District of California and moves this Court to either dismiss this case or transfer it under a theory of forum non conveniens. *See* ECF No. 41. Defendant's motion conflates the standards and terminology for the relief it requests. Forum non conveniens refers to the common law doctrine whereby district court judges could *dismiss* a case even when venue was proper if consideration of multiple factors weighed against the plaintiff's chosen forum hearing the case. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981). The power to *transfer*, on the other hand, arises from 28 U.S.C. § 1404(a).

> § 1404(a) transfers are different than dismissals on the ground of forum non conveniens. Congress enacted § 1404(a) to permit change of venue between federal courts. Although the statute was drafted in accordance with the doctrine of forum non conveniens, *see* Revisor's Note, H.R.Rep. No. 308, 80th Cong., 1st Sess., A132 (1947); H.R.Rep. No. 2646, 79th Cong., 2d Sess., A127 (1946), it was intended to be a revision rather than a codification of the common law. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens. *Id.*, at 31–32, 75 S.Ct., at 546.

*Piper Aircraft Co.*, 454 U.S. 235, 253, 102 S. Ct. 252, 264-65.

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER ~ 5

Under forum non conveniens analysis, a court must weigh the public and private interests in determining the most appropriate forum. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001). The private interests include:

> (1) the residence of the parties and the witnesses;
> (2) the forum's convenience to the litigants;
> (3) access to physical evidence and other sources of proof;
> (4) whether unwilling witnesses can be compelled to testify;
> (5) the cost of bringing witnesses to trial;
> (6) the enforceability of the judgment; and
> (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* (internal quotations omitted). The relevant public interests include:

> (1) local interest of lawsuit;
> (2) the court's familiarity with governing law;
> (3) burden on local courts and juries;
> (4) congestion in the court; and
> (5) the costs of resolving a dispute unrelated to this forum.

*Id.* at 1147.

With the possibility of transfer under § 1404, forum non conveniens is rarely applied and "has continuing application only in cases where the alternative forum is abroad." *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 449, 114 S. Ct. 981, 986, 127 L. Ed. 2d 285 (1994). The doctrine is therefore inapplicable to the present case where both parties seek to have this case heard in a United States district court within the Ninth Circuit.

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 6

28 U.S.C. 1404(a) provides the possibility of transfer within U.S. district courts.  The statute provides in relevant part:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C.A. § 1404(a).  Importantly, district courts have more discretion to transfer under § 1404 than they have to dismiss under forum non conveniens.[1]  *See Piper Aircraft Co.*, 454 U.S. at 236, 102 S. Ct. at 256.  Although the statute simplifies the court's inquiry to only consider the "convenience of parties and witnesses," and "the interest of justice," the forum non conveniens considerations nonetheless inform this simplified determination.  *See* 15 Fed. Prac. & Proc. Juris. § 3841 (4th ed.).

Private Interest Factors

(1) The residence of the parties and the witnesses

Plaintiff, Leisure Concepts, Inc., is a Washington corporation, headquartered in Spokane, Washington.  *See* ECF No. 45 at 2.  Defendant, California Home Spas,

---

[1] A district court already has great discretion under forum non conveniens; its determination may only be reversed if there is a clear abuse of discretion.  *See Piper Aircraft Co.*, 454 U.S. at 236, 102 S. Ct. at 256.

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER ~ 7

1   Inc. (hereinafter, "CHS"), is a California Corporation and is headquartered in

2   Southern California.  ECF No. 41 at 3.  CHS argues that it all 24 of its employees

3   work out of Long Beach, California, but also recognizes that its manufacturing

4   center is located in China..  CHS does business throughout the United States and

5   admits to conducting business in Washington and selling products to customers

6   here. *Id*. at 3-5.

7          Considering that both parties assert that they reside in and have more

8   witnesses in their respective preferred districts, this Court finds that the residences

9   of parties and witnesses in this case do not favor one forum over the other.

10         (2) The forum's convenience to the litigants

11         Defendant argues that transporting witnesses, who are enumerated in the

12   Declaration of Marc Black, *See* ECF No. 50, from Southern California to Eastern

13   Washington would be costly, especially considering the small size of CHS.  ECF

14   No. 41 at 13.  Importantly, CHS states that their employees' conduct is largely

15   what is at issue in this case.  *Id*.

16         Plaintiff responds that any inconvenience would simply be transposed onto

17   Plaintiff if the case is transferred.  *See* ECF No. 45 at 14.  Plaintiff has witnesses

18   prepared to testify about damages, lost profits, and the validity of their patent, most

19   of whom reside in Spokane, Washington.  *Id*.  Plaintiff challenged Defendant's

20   assertion of a need to bring in numerous witnesses from California, claiming that

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 8

such witnesses would do nothing to challenge the elements of the infringement claims driving this litigation.

This Court does not find sufficient disparities regarding conveniences to support transfer.

(3) Access to physical evidence and other sources of proof

Defendant asserts that, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F.Supp.2d 325, 330 (E.D.N.Y.2006)).  Defendant argues that its evidence regarding the research, development, manufacturing, and marketing of the product that is at issue in this case are all in Long Beach, California, as is Defendant's corporate headquarters, in case a visit to the premises would be necessary. *See* ECF No. 41 at 15.

Plaintiff downplays the significance of this factor, calling it "noncritical," but also asserts that Plaintiff has physical evidence that is located in Spokane, Washington. *See* ECF No. 45 at 17.  According to Plaintiff, both sides would have to either transport evidence or reduce the evidence to electronic form, regardless of the forum. *Id*.  Additionally, Plaintiff argues that if any site visit were necessary, it

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER ~ 9

would be necessary to visit China, where Defendant admittedly conducts all of its manufacturing. *Id.*

This Court finds that Defendant failed to support its argument with details regarding specific hardships that would result from having to present relevant physical evidence or other sources of proof in Eastern Washington.

(4) Whether unwilling witnesses can be compelled to testify

FRCP 45 (c)(1) provides:

"[a] subpoena may command a person to attend a trial, hearing or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Clearly, witnesses in the Central District of California are more than 100 miles from the Eastern District of Washington, so the relevant inquiry here is which party would call unwilling witnesses requiring subpoenas. Defendant argues that it has more customers and distributors who could be made available to testify in California than would be the case in Eastern Washington and two individuals who have worked with CHS might have to be subpoenaed. *See* ECF No. 41 at 14.

Plaintiff argues that Defendant fails to identify any unwilling witnesses and that this consideration is therefore irrelevant. *See* ECF No. 45 at 17-18. Plaintiff

asserted that possible witnesses could be in China, and transfer to California would not make compelling such testimony any easier.  *Id.*

This Court is unconvinced by the Defendant's vague speculations regarding a possible need to subpoena customers, distributors, their agent (Lily Chen, who allegedly resides in California), or the author of their instruction manual as evidence that favors transfer of this case.

(5) The cost of bringing witnesses to trial

The points under this heading mirror the parties' arguments under headings (1) and (2) and fail to support transfer.

(6) The enforceability of the judgment

In light of the fact that the transferor and transferee forums are both U.S. federal districts, this Court finds that this consideration should not weigh in favor of either forum.

(7) All other practical problems that make trial of a case easy, expeditious and inexpensive.

Defendant argues that the Central District of California is an adequate alternative forum that is better suited to hear a case about events that Defendant argues happened there with people and evidence from that district.  *See* ECF No. 41 at 11-12.  Additionally, Defendant argues that this Court has no significant history with either party, *Id*. at 15, making transfer no less practical than hearing the case in the Eastern District of Washington.  *Id*.  Finally, Defendant cites

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER ~ 11

1  statistics from the December 2014 Federal Court Management Statistics Report to

2  demonstrate that the median time from filing of a case to disposition in the Central

3  District of California is about one half the median time for the Eastern District of

4  Washington, allegedly making it more likely that the case would be resolved faster

5  if transferred. *Id*. at 16.

6      Plaintiff, on the other hand, argues that this case has been delayed long

7  enough and that transferring venue would only serve to delay the case even more.

8  *See* ECF No. 45 at 18-19.  Additionally, Plaintiff argues that this Court is familiar

9  with this case, having already issued a seventeen-page order regarding Defendant's

10  first motion to dismiss, ECF No. 40.  *See* ECF No. 45 at 19.

11      This Court is not influenced by, or convinced of the applicability of,

12  Defendant's cited statistics regarding case management.  The Eastern District of

13  Washington has made a practice of providing trial dates in line with the reasonable

14  requests of counsel, and there is no reasonable basis for believing that the Central

15  District of California would dispose of this case in a more timely manner than the

16  Eastern District of Washington.

17                     Public Interest Factors

18      (1) Local interest of the lawsuit

19      Defendant argues that this is a suit about a California-based company, with

20  Californian employees, and with a product sold across the country far beyond

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 12

1    Washington.  *See* ECF No. 41 at 16.  Any damages or impact of this suit would

2    impact a corporation in California, affecting the economy there, not in

3    Washington.  *Id*.  Therefore, Defendant states that California has a stronger interest

4    in this matter than does Washington.  *Id*.

5         Plaintiff argues that the Eastern District of Washington has a stronger

6    interest in this matter because the Plaintiff is a prominent local business.  ECF No.

7    45 at 19-20.  Plaintiff employs 35-50 citizens of this district and CHS's infringing

8    activities are harming this local business.  *Id*.  Plaintiff developed its patent here in

9    Spokane, and this district has an interest in protecting locally developed

10   intellectual property.  *Id*.

11        This Court agrees that both districts have an interest in this case, but the

12   interests are not clearly weighted in one party's favor, and transfer is therefore

13   inappropriate.

14        (2) The court's familiarity with governing law

15        Both parties agree that both districts are equally able to hear a case on

16   federal intellectual property law.  *See* ECF No. 41 at 17; ECF No. 45 at 20.

17        (3) The burden on local courts and juries

18        Defendant argues in its Reply that Spokane jurors should not be burdened

19   with having to hear a case involving alleged infringing activities that took place in

20

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 13

California.  *See* ECF No. 49 at 7.   Plaintiff asserts that this factor is neutral.  *See* ECF No. 45 at 20.

This Court likewise does not accept Defendant's concerns regarding the local populace.

(4) Congestion in the court

Under this consideration, Defendant only raises the argument that the Central District of California is likely to dispose of this case in a much shorter period of time than would be the case in this district.  *See* ECF No. 41 at 16. Plaintiff asserts that this factor is neutral.  *See* ECF No. 45 at 20.

There is no sufficient basis to accept that a district court in the Central District of California would be less burdened by this case than would this Court.

(5) The costs of resolving a dispute unrelated to this forum.

The arguments relevant to this consideration are addressed above as the factors outlined have bearing on the relationship of this dispute to the Eastern District of Washington as opposed to the Central District of California.

Conclusion

Based on the foregoing considerations, this Court finds that venue is proper in the Eastern District of Washington and that the "convenience of parties and witnesses," and "the interest of justice," do not support transfer under 18 U.S.C. § 1404(a).

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER ~ 14

1    Both in its Motion to Dismiss or Transfer and at oral argument, Defendant

2    presented arguments that would support a dismissal based on a lack of personal

3    jurisdiction, an argument that Defendant already had waived, rather than providing

4    arguments that would support transfer of venue.  In addressing transfer of venue,

5    Defendant could not articulate why it needed all of the employee witnesses it

6    named, how bringing relevant evidence here would be impractical, or how a

7    transfer would further the interests of justice.

8    In Defendant's Reply, Defendant made a request that caused this Court to

9    further doubt the validity of Defendant's arguments supporting transfer of venue.

10   *See* ECF No. 49 at 10.  After arguing how difficult it would be to bring witnesses

11   and evidence to Eastern Washington, Defendant requested that this Court either

12   transfer venue to the Central District of California, or alternatively, to the Western

13   District of Washington.  *Id*.  Any of the alleged difficulties that would arise for

14   Defendant if venue remains here would also be true in the Western District of this

15   same state, but Defendant nonetheless requested that alternative outcome.  The

16   only justification Defendant could provide for requesting transfer to the Western

17   District of Washington, beyond repeating its arguments against this Court's

18   personal jurisdiction, was the fact that Defense counsel's law firm is in Seattle and

19   that travel from Long Beach, California to Spokane, Washington requires a

20

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING
PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER ~ 15

connecting flight through Seattle.  This Court finds these arguments disingenuous and irrelevant to the determination of proper venue.

Venue is proper in the Eastern District of Washington and there is insufficient cause to transfer this case to another forum.  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer to the U.S. District Court for the Central District of California, **ECF No. 41**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 22nd day of September 2015.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Judge

ORDER MEMORIALIZING THE COURT'S RULINGS REGARDING PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER ~ 16