1

2

3

4

5              UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7    LEISURE CONCEPTS, INC., a
     Washington corporation,                    NO:  2:14-CV-388-RMP
8
                              Plaintiff,
9           v.

10   CALIFORNIA HOME SPAS, INC., a         ORDER GRANTING PARTIES'
     California corporation doing business  STIPULATED MOTION FOR
11   as Covervalet,                         PROTECTIVE ORDER
                              Defendant.
12

13          BEFORE THE COURT is the parties' Stipulated Motion for a Protective

14   Order, ECF No. 68.  Having reviewed the terms agreed upon by the parties, which

15   are included herein, the Court finds good cause to grant the Motion and issue the

16   following Protective Order.

17          Accordingly, **IT IS HEREBY ORDERED**:

18          The parties' Stipulated Motion for a Protective Order, **ECF No. 68**, is

19   **GRANTED**.  The parties shall be bound by the following terms:

20   \\

     ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE
     ORDER ~ 1

# PROTECTIVE ORDER

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to "CONFIDENTIAL" and/or "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" and/or "<u>HIGHLY CONFIDENTIAL – SOURCE CODE</u>" treatment under the applicable legal principles.  As set forth in Section 14.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; rather, a party must seeks permission from the Court by motion to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party in good faith believes is confidential or sensitive, which (a) the Designating

Party would not normally reveal to third parties except in confidence, (b) the Designating Party has undertaken with others to maintain in confidence, (c) is privileged, (d) is not legally permitted to be disclosed, (e) is protected by the right to privacy guaranteed by the Federal Constitution or any applicable State law or Constitution, and/or (f) qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current

employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: means information, whether or not embodied in any physical medium, which the Designating Party believes in good faith has significant competitive value or is highly sensitive and which, if disclosed to the requesting party, or any person or entity not bound by a written non-disclosure agreement or confidentiality agreement, or other legal obligation, would cause competitive harm or irreparable harm or injury to the Designating Party or some third party. Such information must not be generally known to third parties or the public and is limited to information that (a) the Designating Party would not normally reveal to third parties except in confidence, (b) the Designating Party has undertaken with others to maintain in confidence, (c) is privileged, (d) is not legally permitted to be disclosed and/or (e) is protected by the right to privacy guaranteed by the Federal Constitution or any applicable State law or Constitution.

2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to

another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    <u>Party or Parties</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 5

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:

(a)    Any information that is in the public domain at the time of disclosure to a Receiving Party;

(b)    Any information that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, and through no act, or failure to act, attributable to the Receiving Party or its Counsel, including becoming part of the public record through trial or otherwise; and

(c)     Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the

Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, routinized or blanket designations without regard to specific contents of each document or piece of information, are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE
ORDER ~ 8

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 9

Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the deposition transcripts or portions thereof may be designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" by a party or third party disclosing such information (whether by documents or testimony) before, during, or at the close of the deposition or hearing or other proceeding. Such designations must indicate the specific testimony to which protection is asserted as well as the level of protection asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the completion of said deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify in writing or by underlining the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 10

Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

Where testimony is designated at a deposition, or where Protected Materials are disclosed to a witness, the Designating Party shall have the right to exclude from attendance, during those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Protected Material.

If a party marks Protected Material as a deposition exhibit and examines a witness eligible to view such Protected Material thereon, the exhibit and related transcript pages must receive the same confidentiality designation as the original Protected Material. The witness shall not be allowed (except by express permission of the Designating Party, or if the witness is otherwise entitled access under this Agreement) to keep a copy of the deposition exhibit. The witness shall be furnished

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 11

1    a copy of such deposition exhibit when given the opportunity to review the

2    deposition transcript for accuracy following the deposition.  Any such review shall

3    take place at the offices of the Court Reporter, or of Outside Counsel.

4         If any Designating Party in good faith objects to having its Protected

5    Materials shown to a witness at deposition, it is entitled to have the Court rule on

6    such objection prior to its Protected Materials being shown to said witness.  If the

7    Court overrules the objection and permits the Protected Materials to be shown to

8    the witness at deposition, the deposition will reconvene for the limited purpose of

9    questions related to the Protected Materials only.  In such a situation, the

10   Designating Party shall be responsible for all reasonable costs associated with the

11   reconvened deposition, including, but not limited to, witness travel costs, opposing

12   Counsel travel costs, and court reporter costs.

13        Before Protected Materials are disclosed for the first time to a witness at

14   deposition, the witness shall be advised on the record at the deposition by the

15   examining attorney of the existence of the following relevant portion of this

16   Protective Order:

17        **The Court orders that a witness shown at deposition and/or trial any materials designated "CONFIDENTIAL" and/or "HIGHLY**

18        **CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE**

19        **CODE" may not, absent court order, discuss with any person(s), other than those persons authorized to view**

20        **the materials "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE**

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 12

**CODE", any of the materials designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" shown to or discussed with the witness at the deposition and/or trial. A violation of this prohibition shall be grounds for a finding by the Court that the witness is in contempt of court. Do you understand your obligations under this Court Order?**

If the witness says that he or she does not understand the obligations of the Protective Order, then Designated Materials may not be disclosed to him or her until he or she indicates on the record that he or she understands. At the conclusion of each day's deposition session, prior to discharge of the Court Reporter, any Outside Counsel present at the deposition may remind the witness of his or her obligations under this Protective Order.

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 13

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any party or third party required to produce documents inadvertently produces what should be Protected Material without marking it with the appropriate legend, the producing party may give written notice to the Receiving Party or Parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 14

6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.    The Challenging Party shall initiate the dispute resolution process by providing a written "Notice of Objection," at a minimum by email, to all Parties.    The Notice of Objection must identify with particularity the Protected Materials as to which the designation is being challenged and describing the basis for each challenge.    The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the Notice of Objection.    In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.    A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process

first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation (including any and all appeals).  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following, provided, except for the Court and Court

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 17

personnel, such person has first read and represents that s/he understands this protective order and has read and executed the certification attached hereto as Exhibit A:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.  A Counsel's inclusion on the signature block of this Stipulated Protective Order is sufficient acknowledgement to be bound, and is an acceptable substitute for an executed "Acknowledgment and Agreement to Be Bound".

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) retained or employed by Outside Counsel of Record or the Parties to assist in the preparation of; and/or to provide testimony in the case, to the extent reasonably necessary to render professional services in this action;

(d)  the Court and its personnel;

(e)  independent interpreters, translators, videographers, and "Court Reporters," which means stenographers that are Certified Shorthand Reporters or have a similar certification and their staff;

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 18

(f)  Professional Vendors with whom Outside Counsel of Record for the parties to this action have contracted for clerical functions, such as copying of documents or preparation of exhibits and to whom disclosure is reasonably necessary for this litigation;

(g)  jurors and jury consultants who have been engaged by the Parties and/or the Experts in preparation for and/or during trial.  For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any Party or any direct competitors of any Party.  Any such review of materials designated CONFIDENTIAL pursuant to this Protective Order must be in the presence of and under the supervision of Outside Counsel of Record and all originals and any copies shall remain exclusively in the possession of Outside Counsel of Record.  Further, any written notes, compilations or reviews of materials designated CONFIDENTIAL made by persons falling under this subsection shall remain in the possession of Outside Counsel of Record;

(h)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 19

(i)  Any special master and/or discovery master or referee, and/or mediator or other alternative dispute resolution provider chosen by the Parties or the Court, along with necessary legal, paralegal, and secretarial personnel working under the direction of the mediator;

(j)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.  Any such review of materials designated CONFIDENTIAL pursuant to this Protective Order must be under the supervision of Outside Counsel of Record.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following, provided, except for the Court and Court personnel, such person has first read and represents that s/he understands this protective order and has read and executed the certification attached hereto as Exhibit A:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.  A Counsel's inclusion on the signature

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 20

block of this Stipulated Protective Order is sufficient acknowledgement to be bound, and is an acceptable substitute for an executed "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)  the Court and its personnel;

(d)  independent interpreters, translators, videographers, and "Court Reporters," which means stenographers that are Certified Shorthand Reporters or have a similar certification, and their staff, to whom disclosure is reasonably necessary for this litigation;

(e)  Professional Vendors with whom Outside Counsel of Record for the Parties have contracted for clerical functions, such as copying of documents or preparation of exhibits and to whom disclosure is reasonably necessary for this litigation;

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.  Any such review of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order must occur pursuant to the supervision of Outside Counsel of Record.

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 21

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a)   Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding

five years,[1] (6) states that the proposed Expert is neither an employee or consultant nor anticipated to become an employee or consultant, beyond the capacity as Expert as defined herein, of the Party proposing the individual, (7) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 23

reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved with or provide support to, any individual involved in the prosecution of domestic or foreign patents for (i) the Receiving Party, (ii) the owners, directors, or employees of the Receiving Party, or (iii) persons affiliated with either of the foregoing (i) or

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 24

(ii).  For purposes of this paragraph "affiliated" means a person that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person specified.  Also for purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.   SOURCE CODE

(a)   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 26

request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order and the name and address of the Designating Party whose Protected Materials are implicated by the discovery request; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, and take reasonable steps to oppose the production of the Protected Material in the other action or proceeding and seek restrictions on use or disclosure similar to the terms

of this Protective Order unless and until the Designating Party consents to the production or intervenes and directly opposes the production.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 30

discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[4]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.</u>

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 31

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege and/or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the Court.

14.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>.    No Party waives any right it otherwise would have to object to disclosing or producing any information or item on grounds such as privilege, right of privacy and/or to production of the documentation or information beyond the scope of permissible discovery, or any other grounds not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 32

14.3    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

14.5    <u>Retrieval of Designated Materials.</u>  The party lodging or filing the Protected Materials shall be responsible for retrieving such Protected Materials from the Court following the final termination of this action (including after any appeals) consistent with applicable laws and court procedure.

14.6 <u>Use of Protected Materials in Open Court</u>.  The Parties shall neither present nor quote from any Protected Material in open court, unless the Court orders

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 33

otherwise.  Presentation of, or quotations from, Protected Materials shall be heard by the Court under such conditions as the Court may impose to prevent improper disclosure of Protected Materials.  Not less than 30 calendar days prior to the date set for trial, the Parties shall meet and confer concerning appropriate methods for dealing with Protected Material at trial.

14.7  <u>Client Communication.</u>  Nothing in this Protective Order shall prevent or otherwise restrict Counsel of Record from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Protected Material.  In rendering such advice and otherwise communicating with the client, Outside Counsel of Record shall comply with the terms of this Protective Order.

15.  <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms

that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 22nd day of February 2016.

<u>     *s/ Rosanna Malouf Peterson*     </u>
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PARTIES' STIPULATED MOTION FOR PROTECTIVE ORDER ~ 35